IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2010

**STATE OF TENNESSEE v. BRUCE FRANKS, JR.**

**Direct Appeal from the Circuit Court for Hardin County**
**Nos. 8192, 8757, 9062      C. Creed McGinley, Judge**

**No. W2010-00312-CCA-R3-CD  - Filed November 18, 2010**

The defendant, Bruce Franks, Jr., having presently pled guilty to thirty-eight counts involving vandalism, theft, burglary, and criminal trespass, appeals the trial court's denial of his request for an alternative sentence and the trial court's revocation of his probation in two other cases.  After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and D. KELLY THOMAS, JR., JJ., joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant District Public Defender, for the appellant, Bruce Franks, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel, Hansel Jay McCadams, District Attorney General; and Ed N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In case number 8192, the defendant was indicted on November 25, 2002, on one count of arson.  The defendant pled guilty to the offense and on June 4, 2003, received a sentence of three years with sixty days to be served in jail and the remaining two years and ten months to be served on community corrections.  The defendant appealed his sentence to this court, and we affirmed.  See State v. Bruce Franks, Jr., W2003-01673-CCA-R3-CD, 2004 WL 1918727, at *1 (Tenn. Crim. App. Aug. 27, 2004), perm. to appeal denied (Tenn. Dec. 28, 2004).

On February 7, 2007, a community corrections violation report was filed regarding the defendant. According to the report, the defendant violated the terms of his community corrections by being arrested for burglary of an automobile, testing positive for marijuana, and failing to abide by curfew requirements. The defendant's community corrections sentence was revoked on March 24, 2008.

Meanwhile, on November 19, 2007, the defendant was indicted in case number 8757 of two counts of burglary of an automobile. He pled guilty to both counts and on March 24, 2008, he was sentenced to one year on each conviction with the sentences to be served concurrently and on probation. The court also placed the defendant on probation for his prior arson conviction and ordered that his new one-year sentence be served consecutively to his three-year sentence for arson.

On April 8, 2009, a probation violation report was filed on the defendant. According to the report, the defendant violated the terms of his probation by being arrested for thirty-eight new charges and for using marijuana.

On July 20, 2009, the defendant was indicted in case number 9062 on seven counts of vandalism, five counts of theft of property, fifteen counts of burglary of a vehicle, eight counts of burglary, two counts of aggravated burglary, and one count of criminal trespass. The defendant pled guilty to all counts and received sentences ranging from eleven months, twenty-nine days to five years. Pursuant to the plea agreement, all thirty-eight counts were to be served concurrently for an effective sentence of five years but consecutively with his sentences in the other cases.

A hearing concerning the defendant's request for an alternative sentence in case number 9062 and the probation violation report in case numbers 8192 and 8757 was held on January 7, 2010. At the conclusion of the hearing, the court found that the defendant was not an appropriate candidate for alternative sentencing and that there was "overwhelming evidence that [the defendant] violated the terms and conditions of his probation."

## ANALYSIS

### I. Alternative Sentence

The defendant first argues that the trial court erred in denying his request for an alternative sentence, specifically community corrections or probation, in case number 9062. When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code

Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses; (h) any statements made by the accused in his own behalf; and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2006); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2006), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6) (2006)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2006).

To qualify for consideration for punishment in the community, an offender must meet all of the following criteria:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug-or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(F) Persons who do not demonstrate a pattern of committing violent offenses[.]

Tenn. Code Ann. § 40-36-106(a)(1) (2006). Under the "special needs" provision of the statute, an offender who does not otherwise meet the criteria above "and who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community" may be considered eligible for a community corrections sentence. Id. § 40-36-106(c) (2006).

A defendant who receives a sentence of ten years or less is eligible for probation, subject to certain exceptions. Tenn. Code Ann. § 40-35-303(a) (2006). Even if eligible, however, the defendant is not automatically entitled to probation as a matter of law. See Tenn. Code Ann. § 40-35-303(b). The burden is on the defendant to show the denial of probation was improper. Id.; see also State v. Summers, 159 S.W.3d 586, 599-600 (Tenn. Crim. App. 2004) (citing Ashby, 823 S.W.2d at 169); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997) (stating that "[a] criminal defendant seeking full probation bears the burden on appeal of showing the sentence actually imposed is improper, and that full probation will be in both the best interest of the defendant and the public").

There is no bright line rule for determining when a defendant should be granted probation. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), overruled on other grounds by Hooper, 29 S.W.3d at 9-10. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997). Another appropriate factor for a trial court to consider in determining whether to grant probation is a defendant's credibility or lack thereof, as this reflects on the defendant's potential for rehabilitation. Id. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. See State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997); Bingham, 910 S.W.2d at 456.

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2006). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

In denying an alternative sentence, the trial court first noted that the defendant apparently suffered from a mental disability, but that "[h]e was found competent and that [an] insanity defense would not be support[ed]." The court observed that the defendant essentially committed "a crime wave," and he also had prior felony convictions and revocation of probation.

We initially note that even if the defendant satisfied the requirements for community corrections, it does not necessarily follow that community corrections was the most appropriate sanction in this case. Tennessee Code Annotated section 40-36-106 establishes only the eligibility requirements for community corrections. It does not create an entitlement of freedom from confinement. The trial court retains the discretion to impose incarceration in appropriate cases. Likewise, the defendant, although eligible, was not entitled to a sentence of probation, and on appeal, it is the defendant's burden to prove that the denial of probation was improper.

In this case, the record supports the trial court's imposition of a sentence of confinement because measures less restrictive than confinement had frequently and recently been applied unsuccessfully to the defendant. The record shows that the defendant was placed on community corrections for his arson conviction in June 2003, and after an unsuccessful appeal, supervision began in February 2005. His community corrections was revoked in March 2008 due to his arrest for burglary of an automobile, failing a drug screen, and not observing curfew. The defendant was then placed on probation for all three convictions. However, the defendant did not abide by the requirements of probation because

he failed a drug screen and committed the thirty-eight crimes for which he now requests an alternative sentence.

The record shows that the defendant has recently, and on more than one occasion, been given the opportunity to take advantage of measures less restrictive than confinement. Yet, he failed to abide by the technical requirements and continued to pick up new charges. Thus, the record supports the trial court's denial of an alternative sentence.

## II. Revocation of Probation

The defendant argues that the trial court erred in revoking his probation in case numbers 8192 and 8757. He asserts that "the [c]ourt should not have revoked his probation due to his disability."

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (Supp. 2009). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

The trial court is expressly authorized by statute to reinstate a defendant's original sentence upon a finding that the defendant has violated the terms of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311 (2006); State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). Upon a finding that a violation has occurred, the trial court may, in its discretion, either: (1) order incarceration; (2) order that the original entire probationary period begin anew; or (3) extend the probationary period by up to two years. See Hunter, 1 S.W.3d at 644; see also Tenn. Code Ann. §§ 40-35-310, -311(e), -308(c) (2006)).

In revoking the defendant's probation in case numbers 8192 and 8757, the trial court found that there was "overwhelming evidence that [the defendant] violated the terms and

conditions of his probation." The trial court ordered that the defendant serve the four-year sentence in the Department of Correction. Again, the defendant argues that the trial court should not have revoked his probation because he has a "disability." Even if this claim is true, the court had no obligation to grant him another non-incarcerative sentence. To the extent he is arguing that the record contains no substantial evidence to support the decision of the trial court, we disagree. The record shows that the defendant was on probation for two burglary of a vehicle convictions and an arson conviction when he committed the thirty-eight new crimes to which he pled guilty. Based on the defendant's clear violation of the terms and conditions of his probation, we cannot conclude that the trial court abused its discretion in revoking the defendant's probation.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE